Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CHERYL ANATOLE HOLMES

**FILING**

*Filed*
DEC - 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
*fee paid*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHERYL ANATOLE HOLMES, | **CV 12 - 0 6 1 9 3 HRL** Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ELECTRONIC DOCUMENT PROCESSING, INC., D/B/A EDP LEGAL SERVICES, INC., a California corporation; TANAYA V. SULCER, individually and in her official capacity; and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* California Bus. and Prof. Code § 17200 |
| Defendants. | |

Plaintiff, CHERYL ANATOLE HOLMES, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1.    The Defendants in this case are process servers who have engaged in the ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

---

[1] *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on installment payment contracts for personal property permitting repossession and garnishment, providing a fertile field for the fleecing of the poor and the disadvantaged.").

[2] *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982) ("'[S]ewer service' constitutes shoddy practice. It delays the process of justice and must be

fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against her.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2.    This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."

3.    While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4.    Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process serve exemption.[7]

---

discouraged. This court has discretion to do just that.").

[3] *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350, *2 (N.D. Ill. Feb. 1, 2011).

[4] *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).

[5] 15 U.S.C. § 1692a(6)(d); *See generally, Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").

[6] *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, *5 (E.D. Pa. Nov. 6, 2002).

[7] *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) ("if process servers falsely claimed they had effected personal service and executed a false proof of service document, then their actions would take them beyond their role as process servers and render them ineligible for the [FDCPA] exception."); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413 (S.D.N.Y. 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

## JURISDICTION

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## VENUE

7.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## PARTIES

9.    Plaintiff, CHERYL ANATOLE HOLMES (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a  "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10.    Defendant, ELECTRONIC DOCUMENT PROCESSING, INC., D/B/A EDP LEGAL SERVICES, INC. (hereinafter "EDP"), is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for

debt collection. EDP's principal place of business is located at: 16700 Valley View Avenue, Suite 440, La Mirada, California 90638. EDP may be served at the address of its Agent for Service of Process at: Electronic Document Processing, Inc., c/o William Mitchell, Agent for Service of Process, 2 Park Plaza, Suite 650, Irvine, California 92614. Plaintiff is informed, believes and thereon alleges, that EDP is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. EDP is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. EDP regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. EDP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). EDP cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

11.     Defendant, TANAYA V. SULCER (hereinafter "SULCER"), is a natural person and is or was an employee and/or agent of EDP at all relevant times. SULCER is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiff is informed, believes and thereon alleges, that SULCER is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. SULCER may be served at her current residence address: Tanaya V. Sulcer, 1416 – 90th Avenue, Oakland, California 94603. SULCER is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. SULCER regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. SULCER is a "debt collector" within the

meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). SULCER cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Santa Clara County, by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining

Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

19. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

**JOINT VENTURE**

20. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged

in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

        21.    Specifically, Plaintiff is informed, believes and thereon alleges, that:

        a.    EDP is a California corporation engaged in the businesses of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, EDP advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public. EDP provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by SULCER and the enterprise for their process server return manufacturing activities. EDP composes the process server returns sold by the enterprise using its own computer systems and the data which is input into its computer systems via its website (www.edplegal.com and www.onetouchlegal.com) by its customers, like Lang, Richert & Patch and its process server agents, like SULCER. EDP also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. EDP provided SULCER and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the Proof of Service of Summons to Lang, Richert & Patch for use in the state court lawsuit against Plaintiff. EDP provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges, that EDP will not accept service of process for SULCER

or any of its other process server agents, thereby acting as a litigation shield should one of its process server agents be sued for their unlawful activities.

b. SULCER is an individual and a registered process server in Alameda County. SULCER lent her name, signature and the legitimacy of her process server registration number to the enterprise for use on the Proof of Service of Summons that was manufactured and sold to Lang, Richert & Patch and used in the state court lawsuit against Plaintiff. SULCER and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities. Without SULCER and other registered process servers and the facial legitimacy of their registration numbers, EDP could not market and sell process server returns like the Proof of Service of Summons that was manufactured and sold to Lang, Richert & Patch for use in the state court case against Plaintiff.

22. Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of EDP's business and that EDP could not offer such services without its process server agents, like SULCER.

### AIDING AND ABETTING

23. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by SULCER.

24. Plaintiff is informed, believes and thereon alleges, that EDP marketed its Proof of Service of Summons product to law firms, debt collectors, government agencies and the general public, including Lang, Richert & Patch as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that EDP represented or implied in its advertising, marketing and other materials that

EDP would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25. Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, EDP enlisted SULCER and other registered process server agents to manufacture process server returns – like the <u>Proof of Service of Summons</u> that was sold to Lang, Richert & Patch and used in the state court lawsuit against the Plaintiff in this case.

26. Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally fails to place its name and process server registration number (if it has one) on the process server returns manufactured by SULCER and other process servers with the intent to misrepresent the true nature of the services being provided by EDP and its process servers – like SULCER – and the joint responsibility of EDP and SULCER, pursuant to Cal. Bus. & Prof. Code § 22356. Moreover, Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally withheld its name and process server registration number (if it has one) from the <u>Proof of Service of Summons</u> that was sold to Lang, Richert & Patch and used in the state court lawsuit against the Plaintiff in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with the intent to deceive the Plaintiff, Lang, Richert & Patch, and the Superior Court of California. By providing registered process servers, like SULCER, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the <u>Proof of Service of Summons</u> that was sold to Lang, Richert & Patch and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding its name and process server registration number (if it has one), EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by SULCER against the Plaintiff.

27.     Plaintiff is informed, believes and thereon alleges, that EDP authorized, used, and ratified the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like SULCER, from service of process should they be sued for their unlawful activities.   Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges, that EDP will not accept service of process for SULCER or any of its other process server agents when service of process is attempted at the address provided on their Proof of Service of Summons documents.

28.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by SULCER against the Plaintiff and others.  In fact, EDP gave substantial assistance and encouragement to SULCER by producing fully completed Proof of Service of Summons documents which contain EDP's address and telephone number instead of SULCER's address and telephone number.

29.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP effectively controlled its process server agents, including SULCER, by *inter alia*:

a.     choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

b.     requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be performed by a specific individual);

c.     forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be

preformed by a specific individual);

        d.    requiring the use of GPS tracking devices for its process server agents (i.e., controlling what tools and equipment must be used to preform the assigned tasks);

        e.    requiring detailed real-time reporting to EDP of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

        f.    requiring the use of EDP's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what tools and equipment must be used to preform the assigned tasks and the manner in which the assigned tasks are performed); and

        g.    requiring its process server agents maintain specified minimum automobile liability insurance and professional liability insurance coverage, that EDP be named as as additional insured in all such insurance policies and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

    30.    Through the use of the GPS tracking devices all EDP process server agents are required to carry and the real-time reporting and tracking data that these devices provide, EDP is able to track in real-time the movements of all its process server agents.

    31.    EDP's conduct was a substantial factor in causing the harm to Plaintiff. EDP should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by SULCER against the Plaintiff.

## RATIFICATION

    32.    Plaintiff is informed, believes and thereon alleges, that EDP is responsible for the

harm caused by SULCER's unlawful conduct because EDP approved SULCER's unlawful conduct after it occurred.

33. Plaintiff is informed, believes and thereon alleges, that SULCER intended to act on behalf of EDP when she accepted the assignment from EDP to serve the state court process on Plaintiff.

34. Plaintiff is informed, believes and thereon alleges, that SULCER intended to act on behalf of EDP when she subsequently failed to serve the state court process on Plaintiff that had been entrusted to her and instead provided false and fraudulent information to EDP regarding the completion of her assignment.

35. Plaintiff is informed, believes and thereon alleges, that EDP learned of SULCER's failure to faithfully serve the state court process that EDP had entrusted to SULCER after it occurred.

36. Plaintiff is informed, believes and thereon alleges, that EDP approved SULCER's unlawful conduct by voluntarily keeping the benefits of SULCER's unlawful conduct after learning of the conduct.

37. Plaintiff is informed, believes and thereon alleges, that EDP approved SULCER's unlawful conduct as alleged in this case by continuing to employ SULCER and continuing to assign process server assignments to SULCER after learning that SULCER had engaged in sewer service.

38. As a result of EDP's ratification of SULCER's unlawful conduct, EDP is liable to Plaintiff for all damages alleged in this case.

## NONDELEGABLE DUTY

39.  California Business and Professions Code § 22356 provides as follows:

A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

40.    By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like EDP faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

41.    Plaintiff is informed, believes and thereon alleges, that SULCER was acting within the course and scope of her agency relationship with EDP at all times alleged in this Complaint.

42.    EDP had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it were faithfully served on Plaintiff and that its agents did not engage in sewer service.

43.    Because EDP could not delegate to SULCER its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, EDP is liable to Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

44.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

45.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Lang, Richert & Patch for collection from Plaintiff.

46.    On June 14, 2012, Lang, Richert & Patch filed a lawsuit against Plaintiff in the Superior Court of Santa Clara County, captioned *Unifund CCR Partners v. Cheryl Anatole Holmes, et al.*, and assigned Case No. 1-12-CV-226523 (hereinafter "the state court action"), in an attempt to collect alleged the debt.

47.     Plaintiff is informed and believes, and thereon alleges that Lang, Richert & Patch thereafter engaged EDP to duly and faithfully serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint.

48.     Plaintiff is informed and believes, and thereon alleges that on or about July 18, 2012, EDP composed a document titled Proof of Service of Summons in which Defendants represented, under penalty of perjury, that SULCER had **personally served** Plaintiff with a copy of the Summons, Complaint, Declaration Regarding Venue, Civil Case Cover Sheet, Civil Lawsuit Notice, and Alternative Dispute Resolution Notice and Information Package in the state court action on July 10, 2012, at 3:03 p.m. Thereafter, EDP caused the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the state court action on July 19, 2012. A true and correct copy of the Proof of Service of Summons filed in the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

49.     Despite the representations made by Defendants in their Proof of Service of Summons (Exhibit "1"), Plaintiff was not served personally, or otherwise, with a copy of the Summons and Complaint in the state court action. The Proof of Service of Summons documents composed by EDP appears facially valid – indeed, EDP's very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered against him.

50.     Plaintiff is informed and believes, and thereon alleges that the address used on the Proof of Service of Summons (Exhibit "1"), (i.e., 16700 Valley View Avenue, Suite 440, La Mirada, CA 90638) is the business address of EDP and not the address of SULCER as represented in the document.

51.     Plaintiff is informed and believes, and thereon alleges that the telephone number

used on the <u>Proof of Service of Summons</u> (Exhibit "1"), (i.e., (800)225-5337) is the business telephone number of EDP and not the telephone number of SULCER as represented in the document.

52.  Plaintiff is informed and believes, and thereon alleges that Defendants, acting together, knowingly and willfully composed and sold Lang, Richert & Patch the <u>Proof of Service of Summons</u> (Exhibit "1") containing false statements regarding their service of court process in the state court action.

53.  According to the <u>Proof of Service of Summons</u> (Exhibit "1"), Defendants, acting together, sold the process server return to Lang, Richert & Patch for $59.00.

54.  On or about July 10, 2012, Plaintiff returned home from work and found the Summons and Complaint wedged under her front door.  Furthermore, the <u>Proof of Service of Summons</u> describes the person served as a female Caucasian, 50 years old, with brown hair and brown eyes, 5 feet 8 inches tall, and weighing 165 pounds.  Plaintiff is 62 years old, with blond hair and blue eyes, and weighs 125 pounds.

### EDP's Business Practices

55.  Plaintiff is informed and believes, and thereon alleges that EDP composes and sells process server returns, like the <u>Proof of Service of Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis.  Plaintiff is informed and believes, and thereon alleges that EDP pays its process servers using a similar flat rate or fixed fee compensation system.  Plaintiff is informed and believes, and thereon alleges that EDP will pay SULCER and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed.  Because EDP's process servers are not paid for unsuccessful service attempts, process servers like SULCER have a strong financial incentive to falsify process server returns.  Plaintiff is informed and believes, and thereon alleges that EDP knowingly promotes the use of false process

server returns through its flat rate or fixed fee compensation system.

56. Plaintiff is informed and believes, and thereon alleges that EDP charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services. Plaintiff is informed and believes, and thereon alleges that EDP's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices. Plaintiff is informed and believes, and thereon alleges that EDP effectively sells sewer service, by underbidding the true costs of proper service.

57. Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not serving consumer debt defendants, debt collection firms like Lang, Richert & Patch and debt buyers like Unifund CCR Partners are able to generate hundreds of judgments by default on cases where they could never prevail on the merits. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

58. Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of a perjured Proof of Service of Summons (Exhibit "1") violates California Code of Civil Procedure § 417.10.

59. Under California law the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[8] "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the

---

[8] Cal. Evidence Code § 647.

existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . ."[9] Defendants' composition and sale of perjured process server returns, like the Proof of Service of Summons (Exhibit "1") in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly impossible "burden of providing strong and convincing evidence of non-service."[10] Because "a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service,"[11] victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative;[12] they must prove that an event never occurred and their own sworn testimony of non-service is not enough to meet their evidentiary burden. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

60.    Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading Proof of Service of Summons documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

61.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

62.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

---

[9] Cal. Evidence Code § 604.
[10] *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229, *3-4.
[11] *Id.*
[12] *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

herein.

63.     Plaintiff, CHERYL ANATOLE HOLMES, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

64.     Defendant, EDP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65.     Defendant, EDP, cannot claim the exemption provided by 15 U.S.C. § 1692a(6) (D).

66.     Defendant, SULCER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

67.     Defendant, SULCER, cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

68.     The financial obligations sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

69.     Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a.     Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

    b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

    c.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

22356.5(a), with the intent to deceive;

       d.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

       e.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

       f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

70.    Defendants' acts as described above were done willfully, knowingly and intentionally.

71.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

72.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

73.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

74.    Plaintiff, CHERYL ANATOLE HOLMES, is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

75.    Defendant, EDP, is a "debt collector" as that term is defined by the RFDCPA, Cal.

Civil Code § 1788.2(c).

76. Defendant, SULCER, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77. The financial obligations sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

78. Defendant violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

79.   Defendants' acts as described above were done willfully and knowingly within the meaning of Cal. Civil Code § 1788.30(b).

80.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

81.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

82.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[13]

83.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[14]

84.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

85.   Plaintiff brings the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*,

---

[13]  15 U.S.C.§ 1692k(a)(2)(A).
[14]  15 U.S.C.§ 1692k(a)(3).

which prohibits all unlawful business acts and/or practices.

86. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

87. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

88. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

89. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of § 17200 *et seq.* These predicate unlawful business acts and/or practices include Defendants' composition and sale of a perjured Proof of Service of Summons (Exhibit "1"), in violation of California Code of Civil Procedure § 417.10 and the intentional failure by EDP to place its name and process server registration number (if it has one) on the process server returns that it sells, in violation of California Business and Professions Code § 22356.5(a). Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by,

    a. Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

    b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

90. Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

91. The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

92. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that she was required to obtain a copy of the state court's file at her own expense. Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, and has suffered and injury in fact and has lost money or property as a result of Defendants' unfair competition.

93.    Plaintiff is entitled to declaratory relief and a permanent injunction enjoining Defendants from their unlawful activity.

## **REQUEST FOR RELIEF**

Plaintiffs request that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[15]

h)  Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with Cal. Bus. & Prof. Code §

---

[15]  15 U.S.C. § 1692k(a)(2)(A).

22356.5(a), (iii) that a monitoring system for process servers be implemented, (iv) training and testing all of Defendants' employees and agents regarding applicable service of process laws, (v) a reporting system be made available to Defendants' customers for reporting suspected service of process irregularities, and (vi) the institution of a disciplinary system that will investigate and immediately discipline, up to and including termination, any employee or agent that has been found to engage in sewer service;

i) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[16] and 1788.30(c); and

j) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CHERYL ANATOLE HOLMES

---

[16] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHERYL ANATOLE HOLMES, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew W. Quall, #183759<br>5200 N. Palm Ave. Suite 401<br>Fresno, CA 93704<br><br>TELEPHONE NO.: (559) 228-6700<br>ATTORNEY FOR (Name): PLAINTIFF | **FILED**<br><br>JUL 1 9 2012<br><br>DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY_____ DEPUTY<br>T. Mai |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>SUPERIOR COURT COUNTY OF SANTA CLARA, DOWNTOWN SUPERIOR COURT<br><br>191 N. FIRST STREET<br>SAN JOSE, CA 95113 | |
|---|---|

| PLAINTIFF/PETITIONER: UNIFUND CCR PARTNERS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHERYL ANATOLE HOLMES, AN INDIVIDUAL | 112CV226523 |

| PROOF OF SERVICE OF SUMMONS | SOP # 1206188939 |
|---|---|
| | File No. 678708 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   SUMMONS AND COMPLAINT; DECLARATION REGARDING STATEMENT OF VENUE; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE

3. a. Party served (specify name of party as shown on documents served):

   CHERYL ANATOLE HOLMES, AN INDIVIDUAL

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served:
   2685 CALIFORNIA ST APT 202
   MOUNTAIN VIEW, CA 94040



EXHIBIT 1

5. I served the party
   a. a. by personal service. I personally deliver the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) On (date): 07/10/12 (2) at (time): 03:03 PM

   FEMALE  CAUCASIAN  50 YRS     BROWN HAIR  BROWN EYES     5'08"     165 LBS

   (2) (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010[Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS<br><br>FILE BY FAX | Code of Civil Procedure, 417.10<br>www.accesslaw.com |
|---|---|---|

| PLAINTIFF/PETITIONER: | UNIFUND CCR PARTNERS | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | CHERYL ANATOLE HOLMES, AN INDIVIDUAL | 112CV226523 |

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an Individual Defendant

7. Person who served papers
   T. SULCER
   16700 Valley View Ave., Suite 440
   La Mirada, CA 90638
   (800) 225-5337

   d. The fee for service was: $ 59.00

   e. I am:

      (3) a registered California process server:
         (ii) Registration No.: 1198
         (iii) County:        ALAMEDA

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/18/2012

_____
T. SULCER
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
                                          Server

Form Adopted for Mandatory Use
Judicial Council of California
POS-010[Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

FILE BY FAX

Code of Civil Procedure, 417.10
www.accesslaw.com